IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3811-L** |
| | § | |
| **BAWLILAI CORPORATION,** Individually and d/b/a Nori Sushi and d/b/a Nori Sushi Bar & Grill; and **XIU CHEN**, Individually and d/b/a Nori Sushi and d/b/a Nori Sushi Bar & Grill, | § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Xiu Chen's Motion to Set Aside Entry of Default and Defendant Xiu Chen's Motion for Leave to File Original Answer, both filed December 14, 2012. Plaintiff J&J Sports Productions, Inc. filed no response to the motions. After careful consideration of the motions, memoranda in support of the motions, record, and applicable law, the court **grants** Defendant Xiu Chen's Motion to Set Aside Entry of Default and Defendant Xiu Chen's Motion for Leave to File Original Answer.

**I.    Background**

J&J Sports Productions, Inc. ("Plaintiff" or "J&J") sued Xiu Chen ("Chen") as one of the defendants in this action. Plaintiff sued Chen for alleged violations of 47 U.S.C. §§ 553, 605 on September 19, 2012. The clerk entered a default against Chen on December 7, 2012. Chen requests the court to set aside the clerk's entry of default. She contends that good cause exists to set aside the default entered by the clerk. The court agrees.

**II.     Discussion**

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Chen states that setting aside the default will not prejudice J&J; that she took quick action to remedy the default as soon as she understood the legal ramifications of the failure to answer; that she has a meritorious defense; and that her failure to answer was not willful. After consideration of the record, the court agrees with Chen. Nothing in the record indicates that J&J will be prejudiced in the presentation of its claims, that Chen does not have a meritorious defense, or that Chen's failure to appear was willful. Moreover, J&J filed no response in opposition to the motion to set aside default. For all of these reasons, the court determines that good cause exists to set aside the default entered by the clerk on December 7, 2012. As the court will set aside the default, it will also grant Chen's motion for leave to file her original answer.

**III.    Conclusion**

For the reasons herein stated, the court determines that good cause exists to set aside the clerk's entry of default against Chen. Accordingly, the court **grants** Defendant Xiu Chen's Motion to Set Aside Entry of Default, and the default entered by the clerk against Chen on

**Memorandum Opinion and Order – Page 2**

December 7, 2012, is hereby **set aside**. Further, the court **grants** Defendant Xiu Chen's Motion for Leave to File Original Answer, and Chen shall file her answer to Plaintiff's Original Complaint by **June 3, 2013**.

**It is so ordered** this 30th day of May, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge