IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-3811-L** |
| § | |
| **BAWLILAI CORPORATION,** Individually § | |
| and d/b/a Nori Sushi and d/b/a Nori Sushi Bar § | |
| & Grill; and **XIU CHEN**, Individually and § | |
| d/b/a Nori Sushi and d/b/a Nori Sushi Bar & § | |
| Grill, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Final Default Judgment, filed December 6, 2012. As the court has previously denied this motion with respect to Defendant Xiu Chen, this order only addresses the motion as to Defendant Bawlilai Corporation. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

**I.    Background**

J&J Sports Production, Inc., ("J&J" or "Plaintiff") sued Bawlilai Corporation ("Bawlilai" or "Defendant") as one of the defendants in this action. Plaintiff sued Bawlilai for alleged violations of 47 U.S.C. §§ 553 and 605. J&J contends that Bawlilai illegally intercepted the closed-circuit telecast of the September 19, 2009 "Number One" Mayweather, Jr./Marquez Event, as well as the undercard or preliminary bouts (the "Event"). According to J&J, Bawlilai did not pay the required licensing fee to J&J and did not receive J&J's authorization to show the Event. Summons was issued to Bawlilai on September 19, 2012, and Bawlilai was served on

October 15, 2012.  The deadline for Bawlilai to answer or otherwise respond was 21 days after service, which was November 5, 2012.  *See* Fed. R. Civ. P. 12.  Despite being served, Defendant, as of the date of this opinion and order, has not served an answer or otherwise responded to Plaintiff's Original Complaint.  Further, the court determines that Bawlilai is not an infant, mentally incompetent person, or a member of the United States military.  The clerk of court entered a default against Bawlilai on December 7, 2012.

J&J was the exclusive licensee through a licensing agreement, and Bawlilai did not have authorization from J&J to show the Event at Bawlilai's establishment.  Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event.  As such, J&J was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J.  No agreement between J&J and Defendant existed that would have allowed Defendant to broadcast the Event to patrons at Defendant's establishment.  On September 19, 2009, Bawlilai intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendant's establishment.  Plaintiff's auditor observed the Event being telecast on multiple televisions to patrons at Defendant's establishment.

Based upon the record, evidence, and applicable law, the court concludes that Bawlilai has violated 47 U.S.C. §§ 553 and 605, that J&J is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Bawlilai's statutory violations.  Accordingly, the court determines that Bawlilai is liable to J&J in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and J&J shall recover this amount from Bawlilai.  Further, the court determines that an additional $50,000 shall be awarded to J&J,

pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Bawlilai's action were willful and for the purpose of direct or indirect commercial advantage or private financial gain. Moreover, the court determines that such damages are necessary to deter Bawlilai and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that J&J is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court, however, believes, after reviewing the record, that *six hours* is a better estimate of the amount of time reasonably expended by counsel. Accordingly, the court awards Plaintiff $1,500 as reasonable attorney's fees in this case. The court declines to award other attorney's fees as requested because the amount of such fees is speculative and unknown.

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Bawlilai and in favor of J&J in the total amount of $61,500. The judgment will accrue postjudgment interest at the applicable federal rate of **.12 percent** from the date of entry of the judgment until it is paid in full.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 14th day of August, 2013.

                                                Sam A. Lindsay
                                                United States District Judge